# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

JOHN WILLIAM GLIEM, JR.,

Debtor.
_____/

Case No. 6:01-bk-12069-ABB
Chapter 7

JOHN WILLIAM GLIEM, JR.,

Plaintiff,

vs.

UNITED STATES OF AMERICA
DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE,

Defendant.
_____/

Adv. Pro. No. 6:05-ap-00218-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint for Declaratory Relief to Determine if Internal Revenue Claim for the Tax Years 1988, 1989, and 1990 Were Discharged ("Complaint")[1] filed by John W. Gliem, Jr. ("Debtor"), against the United States of America Department of Treasury, Internal Revenue Service, the Defendant herein ("Defendant"). The Debtor seeks in his Complaint to determine whether the taxes for 1988, 1989, and 1990 were discharged in his Chapter 7 bankruptcy case. A final evidentiary hearing on the Complaint was held on October 12, 2006 at which the Debtor, the Debtor's counsel, and the Defendant's counsel appeared. The parties were granted

---

[1] Doc. No. 1.

leave to file additional legal memoranda in support of their positions. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

The Debtor instituted the underlying Chapter 7 bankruptcy case on December 6, 2001 ("Petition Date") and he received a discharge on April 4, 2002. The Debtor's Motion to Reopen Chapter 7 Case to Determine if Internal Revenue Service Claim for the Tax Years 1988, 1989, and 1990 were Discharged ("Motion")[2] was granted on August 25, 2005. The Debtor instituted this adversary proceeding on September 28, 2005 to determine the specific tax liabilities in his Chapter 7 case.[3]

The Debtor did not timely file tax returns for the years 1986, 1987, 1988, 1989, 1990, 1991, 1992, and 1996. The Defendant investigated the Debtor's failure to file these returns and prepared substitute for returns for each year and issued exam reports on August 30, 1994. The Debtor did not participate or assist the Defendant in this process. The Defendant initiated deficiency procedures which are set forth in the Internal Revenue Code to make assessments for the unpaid tax liabilities. The Debtor was given an opportunity to file a petition in the United States Tax Court to contest the Defendant's assessment of his tax liabilities but he did not. The Defendant made the assessments on July 31, 1995.

The Debtor was aware of his duty to file his income tax returns. He received repeated correspondences from the Defendant regarding his delinquent filings but he did

---

[2] Doc. No. 9 of Main Case 01-12069.
[3] Doc. No 1.

not respond. The Debtor contends he thought his withholdings from each of the unpaid tax years were sufficient to cover any possible tax liability. The Debtor filed a Chapter 13 petition on December 30, 1997, which was subsequently converted to a Chapter 11 case.[4] The Debtor filed this bankruptcy case to prevent foreclosure on his home. An Order of Impending Dismissal of Case ("Order Impending Dismissal") was entered on April 2, 1998, ordering the Debtor to file his delinquent tax returns or his case would be dismissed. The Debtor filed his delinquent returns on April 27, 1998 pursuant to this Court's Order. The Debtor would not have otherwise filed his delinquent returns.

The Defendant treated as discharged or abated the tax liability from the years 1986, 1987, 1991, 1992, and 1996. The Debtor seeks the discharge of the remaining years of 1988, 1989, and 1990. The Defendant contends the tax liabilities are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(1)(B) and 523(a)(1)(C). The Debtor's complaint is due to be denied.

The Debtor did not timely file any of his tax returns and he knew of this responsibility. The Debtor eventually filed delinquent tax returns because of the Order of Impending Dismissal in the Debtor's Chapter 11. He would not have otherwise filed his returns at that time. The filing of the delinquent returns occurred eleven years after his first delinquent tax return was due and does not constitute "a proper return" pursuant to the Internal Revenue Code and case law.

## **CONCLUSIONS OF LAW**

The Chapter 7 bankruptcy petition was filed prior to the applicability of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and

---

[4] Case No. 97-10796. Doc. No. 1.

3

the pre-BAPCPA Code provisions are relevant.[5] Any debt for a tax or a customs duty with respect to which a return, if required, was not filed is excepted from discharge. 11 U.S.C. § 523(a)(1)(B). The creditor has the burden of establishing an exception to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287, 111 S. Ct. 654, 112 L.Ed.2d 755 (1991). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993).

No time limitation exists when someone has failed to file a return. In re Vitaliano, 178, B.R. 205, 208 (B.A.P. 9th Cir. 1995). A court must determine if a filing is a "return" to determine the dischargeability of a tax debt pursuant section 523(a)(1)(B)(i). 4 COLLIER ON BANKRUPTCY ¶523.07, at 523-44 (15th ed. Rev. 2005).

The term "return" is not defined in the Internal Revenue Code or the Bankruptcy Code. A four prong inquiry derived from case law pursuant to the Internal Revenue Code is required: (1) the document must purport to be a return; (2) the document must be executed under penalty of perjury; (3) the document must contain sufficient information to permit the tax to be calculated; and (4) the document must represent an honest and reasonable attempt to satisfy the requirements of the tax law. United States v. Hatton, 220 F.3d 1057, 1060-61 (9th Cir. 2000); United States v. Hindenlang, 164 F.3d 1029, 1033 (6th Cir. 1999). The first three elements are uncontested. The threshold inquiry is whether the Debtor's filing pursuant to a court order in his 1997 bankruptcy case constitutes an "honest and reasonable attempt" to satisfy the tax law requirements.

There is a three to one split amongst the circuit courts of appeal regarding what constitutes an "honest and reasonable attempt". The Fourth, Sixth, and Seventh Circuits

---

[5] Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005). Generally applicable October 17, 2005.

agree filing a Form 1040 after an assessment has been concluded by the Internal Revenue Service is not an honest and reasonable attempt to satisfy the tax laws. Moroney v. United States, 352 F. 3d 902, 904 (4th Cir. 2003); Hindenlang, 164 F.3d at 1034; Payne v. United States, 431 F.3d 1055, 1058 (7th Cir. 2005). The Eighth Circuit disagrees with this reasoning explaining "[t]o be a return, the form is required to 'evince' an honest and genuine attempt to satisfy the laws." In re Colsen, 446 F.3d 836, 840 (8th Cir. 2006). An inquiry into the conditions surrounding the individual's filing is not required. Id.

The Eleventh Circuit has not determined this issue, but case law from the Middle District of Florida appears to follow the majority approach. An untimely filed 1040 Form after the Internal Revenue Service has made assessments does not constitute an honest and reasonable attempt of the debtor to satisfy the tax laws. In re Sgarlat, 271 B.R. 688, 696 (Bankr. M.D. Fla. 2002). Filings occurring after the substitute for returns serve no purpose, and therefore do not represent a "return" for dischargeability purposes. United States v. Ralph, 266 B.R. 217, 219 (M.D. Fla. 2001).

Any debt for a tax with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax is excepted from discharge. 11 U.S.C. § 523(a)(1)(C). Willful tax evasion entails a conduct element and a mental requirement. 4 COLLIER ON BANKRUPTCY ¶523.07, at 523-44.2 (15th ed. Rev. 2005). A debtor's failure to pay his taxes alone is not an adequate basis for nondischargeability pursuant to section 523(a)(1)(C). In re Haas, 48 F.3d 1153, 1158 (11th Cir. 1995). Nonpayment of taxes coupled with affirmative acts to avoid payment or collection of taxes can be sufficient to render the tax debt nondischargeable. United States v. Fretz, 244 F.3d 1323, 1329 (11th Cir. 2001). The conduct element simply requires an attempt

by the debtor to avoid the payment of taxes "in any manner." Id. Courts have consistently held the failure to file returns, coupled with nonpayment of the taxes, comprises a willful evasion of taxes. 4 COLLIER ON BANKRUPTCY ¶523.07, at 523-44.2 (15th ed. Rev. 2005). "[S]ection 523(a)(1)(C) encompasses acts of culpable omission as well as acts of commission." In re Fegeley, 118 F.3d 979, 983 (3d Cir. 1997).

Courts have adopted the standard of "civil willfulness" to establish whether the debtor's conduct is willful, satisfying the mental component of the provision. Id. at 984. The statute requires a showing the debtor's attempt to avoid the tax was "voluntary, conscious and intentional." 4 COLLIER ON BANKRUPTCY ¶523.07, at 523-44.3 (15th ed. Rev. 2005). Courts have employed a three-part test for the government to succeed pursuant to section 523(a)(1)(C). Id. The government must establish (1) the debtor had a duty to file income tax returns, (2) the debtor knew he had such a duty and (3) the debtor voluntarily and intentionally violated that duty. Fegeley at 984. The Defendant has established these requirements. The duty of the Debtor to file his income tax return is undisputed. The Debtor was aware of this duty and he voluntarily and intentionally did not comply. The Debtor was financially capable of paying his taxes each year.

The Debtor is not entitled to a discharge of his tax liabilities. The Debtor did not timely file a proper return pursuant to 11 U.S.C. § 523(a)(1)(B). The Debtor willfully attempted to evade the tax laws pursuant to 11 U.S.C § 523(a)(1)(C). Judgment will be contemporaneously entered consistent with these Findings of Fact and Conclusions of Law.

Dated this 31st day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge